

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

February 4, 1966

Honorable Albert E. Searcy            Opinion No. C-596
County Attorney
Kimble County                         Re: The disposition of
Junction, Texas                       fines and Court costs
                                      for arrests and convict-
                                      ions in County Courts
                                      by game wardens under
                                      Article 1377b, Vernon's
                                      Penal Code.

Dear Mr. Searcy:

You have recently requested an opinion of this office regarding the disposition of fines and costs of court in County Courts under Article 1377b, Vernon's Penal Code. You have particularly inquired about the disposition to be made when the arrest has been made by a game warden. You have stated that, in your opinion, when the arrest has been made by a game warden, that he should be paid a $2.00 arrest fee which would be paid as a part of the cost assessed incident to any fine paid and that such fee should then be remitted by him to the Parks and Wildlife Department. You state further that 100% of the fine should be remitted to the County and all other costs should be paid to the Officers' Salary Fund of the County.

You further state in your request that you raised the question because of the fact that under the provisions of Article 1377, Vernon's Penal Code, and Attorney General's Opinion No. V-1022, which in part interpreted Article 1377, the Game and Fish Department (presently the Parks and Wild-life Department) was due 100% of fines assessed under similar conditions presently expressed in Article 1377b. Likewise, you assumed the $2.00 arrest fee to be payable to the game warden who made the arrest and that he should remit same to the Parks and Wildlife Department.

Article 1377 was repealed in 1959 by what is now Article 1377b. The pertinent provision of Article 1377, V. P.C., involved in the question you present was the last paragraph of Section 2. This paragraph reads:

"Provided that all fines collected under
provisions of this Act assessed on the ar-
rest of any state game warden shall be paid
into the special game fund of the State of
Texas."

When Article 1377, V.P.C., was repealed and the of-
fense in general re-enacted as Article 1377b, V.P.C., the
aforequoted proviso was deleted from the subsequent Act. Sec-
tion 4 of Article 1377b still provides that violators there-
under will be subject to arrest by any game warden. However,
no provision is made for paying fines assessed under the Act
to the special game fund of the State of Texas if arrests
are made by game wardens.

Now, under the provisions of Article 53.01, Code of
Criminal Procedure, 1966, the sheriff or other peace officer
performing the services of the sheriff in misdemeanor cases
are allowed a fee of $3.00 for making an arrest with or with-
out warrant. Article 905, Vernon's Penal Code, provides that
game wardens shall have the same authority as sheriffs and
other peace officers when making arrests and serving process
concerning various game law violations. Article 53.02, Code
of Criminal Procedure, 1966, provides that constables, mar-
shals or other peace officers who execute process and per-
form services for justices in criminal action shall receive
the same fee as allowed the sheriff for the same services.

Article 944 through Article 951, Code of Criminal
Procedure, 1925, were not repealed by the Code of Criminal
Procedure, 1966. Article 54.02, Section 1(b), new Code.
Article 949, Code of Criminal Procedure, 1925, reads:

"Money collected by an officer upon
recognizances, bail bonds and other obli-
gations recovered upon in the name of the
State under any provisions of this Code,
and all fines, forfeitures, judgments and
jury fees, collected under any provision
of this Code, shall forthwith be paid over
by the officers collecting the same to the
county treasurer of the proper county, after
first deducting therefrom the legal fees and
commissions for collecting the same."

Article 3898, Vernon's Civil Statutes, reads:

"The fiscal year, within the meaning of
this Act, shall begin on January 1st of each
year; and each district, county and precinct
officer shall file his report and make final
settlement required in this Act not later
than February 1st of each year; provided,
however, that officers receiving an annual
salary as compensation for their services
shall, by the close of each month, pay into
the Officers' Salary Fund or funds, all fees
commissions and compensation collected by
him during said month. Whenever such of-
ficer serves for a fractional part of the
fiscal year, he shall nevertheless file his
report and make final settlement for such
part of the year as he serves and shall be
entitled to such proportionate part of his
compensation as the time for his service
bears to the entire year."

In view of the Articles heretofore mentioned and
quoted, we inform you that it is our opinion that where a
game warden has arrested the offender under Article 1377b
and the offender is convicted in the county court, the
arresting warden is entitled to an arrest fee of $3.00
which fee, when collected, should be remitted by him to
the Parks and Wildlife Department of the State of Texas.
Said fee should be taxed against the convicted defendant.
We are further of the opinion that the fine imposed by
the county court should be remitted one hundred percent
(100%) to the county treasurer, after deducting there-
from all other legal fees and commissions for collecting
same. These other legal fees and commissions should be
paid into the Officers' Salary Fund of the county.

## SUMMARY

In the event a game warden arrests a violat-
or of the provisions of Article 1377b, upon con-
viction of the violator in the county court the
arresting game warden is entitled to an arrest
fee of $3.00 to be remitted by him to the Parks
and Wildlife Department.

One hundred percent (100%) of the fine as-
sessed by the county court against the viola-
tor upon his conviction and the trial fees taxed
against him shall be remitted to the county
treasurer for deposit into the Officers' Salary
Fund of the county.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

J. MILTON RICHARDSON
Assistant Attorney General

JMR/br:aa

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Harry Gee, Jr.
Ralph Rash
Lonny Zwiener
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL
BY: T.B. Wright